UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ZYWAVE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. A. NO. 4:18-cv-00751-ALM-KPJ |
| | § | |
| JUSTIN CATES, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS AND ANSWER SUBJECT THERETO**

Defendant Justin Cates ("Defendant") files this Motion to Dismiss and Answer Subject Thereto and respectfully states:

**MOTION TO DISMISS**

The Texas Citizens Participation Act ("TCPA") allows a defendant to seek early dismissal of claims that are based on, relate to, or are filed in response to the defendant's exercise of his right of association with other persons, right of free speech, or the right to petition.[1] Plaintiff's Complaint shows that its claims, in whole or in part, are based on, relate to, and/or are in response to Defendant's rights to communicate and associate with third parties.[2] Specifically, Plaintiff alleges that Defendant committed breach of contract based, in part, on Defendant's alleged communications and relationships with certain past and/or present employees of Plaintiff, which (as Plaintiff alleges) resulted in such individuals associating with Defendant as employees of ThinkHR – a third-party provider of software-as-a-service ("SaaS")

---

[1] *See* Tex. Civ. Prac. Rem. Code §27.003.

[2] *See generally* Plaintiff's Complaint (Dkt. 1).

technology solutions for the insurance industry.[3] Plaintiff also seeks a permanent injunction prohibiting Defendant from communicating and/or associating with certain third parties – namely, any and all employees of Plaintiff.[4] Given the nature of these allegations, Defendant is entitled to: (a) expedited review of Plaintiff's claims in this action and dismissal under the TCPA and (b) if the Court grants this Motion to Dismiss, an award of court costs, reasonable attorney's fees, and other expenses incurred in defending against Plaintiff's claims under section 27.009(a)(1) of the TCPA.[5]

Defendant acknowledges the Fifth Circuit has not decided whether the TCPA applies in federal court when – as is the case here – a court exercises its diversity jurisdiction over state-law claims.[6] Accordingly, there is a split among federal district courts as to whether the TCPA applies in such cases.[7] This Court has concluded the "TCPA, regardless if classified as procedural or substantive, does not apply in federal court."[8] However, because this issue is

---

[3] *See, e.g.,* Plaintiff's Complaint at ¶¶ 51-53.

[4] *See, e.g.,* Plaintiff's Complaint at ¶1.

[5] *See Elite Autobody, LLC v. Autocraft Bodywerks, Inc.*, No. 03-15-00064-CV, 2017 WL 1833495 at **8-9 (May 5, 2017, Tex. App.—Austin, no pet.) (holding that substantially similar claims were subject to dismissal under TCPA).

[6] *See Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("The applicability of state anti-SLAPP statutes in federal court is an important and unresolved issue in this circuit."); *Cuba v. Pylant*, 814 F.3d 701, 706 (5th Cir. 2016) (assuming without deciding that the TCPA's procedural rules apply in federal court).

[7] *Compare Allen v. Heath*, No. 6:16-CV-51 MHS-JDL, 2016 WL 7971294, at *3 (E.D. Tex. May 6, 2016), *report and recommendation adopted*, No. 6:16-CV-51, 2016 WL 3033561 (E.D. Tex. May 27, 2016) (finding that the TCPA's basis for dismissal is substantive and does not conflict with the Federal Rules of Civil Procedure); *Williams v. Cordillera Commc'ns, Inc.*, No. 2:13-CV-124, 2014 WL 2611746, at *1 (S.D. Tex. June 11, 2014) (concluding that the TCPA is procedural and that it conflicts with Federal Rules of Civil Procedure 12 and 56); *Mathiew v. Subsea 7 (US) LLC*, No. 4:17-CV-3140, 2018 WL 1515264, at *5–7 (S.D. Tex. Mar. 9, 2018), *report and recommendation adopted*, No. 4:17-CV-3140, 2018 WL 1513673 (S.D. Tex. Mar. 26, 2018) (same).

[8] *Thoroughbred Ventures, LLC v. Disman*, No. 4:18-CV-00318, 2018 WL 3472717, at *2–3 (E.D. Tex. July 19, 2018) (Mazzant, J.).

currently on appeal to the Fifth Circuit,[9] Defendant files this Motion to Dismiss out of an abundance of caution, and with the express purpose of preserving Defendant's right to dismissal and attorneys' fees under the TCPA in the event the Fifth Circuit holds the TCPA applies in federal court.

## ANSWER TO PLAINTIFF'S COMPLAINT

Subject to (and without waiver of) Defendant's Motion to Dismiss, Defendant submits the following Answer to Plaintiff's Complaint and states:

1. Answering paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff's Complaint purports to asserts a breach of contract claim against Defendant, but expressly denies that Plaintiff's breach of contract claim has merit. Defendant further admits that he was employed by Plaintiff from August 2009 until he resigned his employment in August 2017. Defendant also admits he went to work for ThinkHR after resigning his employment with Plaintiff. Defendant denies the remaining allegations in paragraph 1 of Plaintiff's Complaint and, in so doing, specifically denies that Plaintiff is entitled to any injunctive relief referenced in and/or requested by Plaintiff's Complaint.

2. The jurisdictional allegations in paragraph 2 of Plaintiff's Complaint require no response from Defendant; however, to the extent a response is deemed required, on information and belief, Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. The jurisdictional allegations in paragraph 3 of Plaintiff's Complaint require no response from Defendant; however, to the extent a response is deemed required, Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.

---

[9] *See id.* at n.3 (noting that *Rudkin v. Roger Beasley Imports, Inc.*, No. 1:17-CV-849, 2017 WL 6622561, at *1–*3 (W.D. Tex. Dec. 28, 2017), *report and recommendation adopted*, 2018 WL 2122896, in which the United States District Court for the Western District of Texas held that the TCPA did not apply in federal court, is currently on appeal to the Fifth Circuit, [but] a ruling has not yet been issued").

4. The jurisdictional allegations in paragraph 4 of Plaintiff's Complaint require no response from Defendant; however, to the extent a response is deemed required, Defendant admits there is complete diversity of citizenship between the parties. Defendant further admits, on information and belief, that Plaintiff is a citizen of Wisconsin, and Defendant is a citizen of Texas. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the amount in controversy in this action.

5. The jurisdictional allegations in paragraph 5 of Plaintiff's Complaint require no response from Defendant; however, to the extent a response is deemed required, Defendant admits this Court has personal jurisdiction over Defendant.

6. The jurisdictional allegations in paragraph 6 of Plaintiff's Complaint require no response from Defendant; however, to the extent a response is deemed required, Defendant admits venue is proper in the United States District Court for the Eastern District of Texas.

7. The statements in Paragraph 7 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant admits Plaintiff is a provider of SaaS technology solutions for the insurance industry. Defendant further admits that Plaintiff is headquartered in Milwaukee, Wisconsin and provides services to insurance agencies in several states. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. The statements contained in paragraph 8 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. The statements contained in paragraph 9 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. The statements contained in paragraph 10 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. The statements contained in paragraph 11 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. The statements contained in paragraph 12 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. The statements contained in paragraph 13 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. The statements contained in paragraph 14 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant admits ThinkHR provides SaaS technology solutions for

the insurance industry. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15. The statements contained in paragraph 15 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. The statements contained in paragraph 16 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. The statements contained in paragraph 17 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. The statements contained in paragraph 18 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that Plaintiff and Defendant signed the Non Solicit, Non-Compete and Arbitration Agreement attached as Exhibit 1 to Plaintiff's Complaint ("Agreement"). Defendant denies the remaining allegations in paragraph 20 of Plaintiff's Complaint, except to state that the Agreement speaks for itself with respect to the terms and conditions of the Agreement.

21. Answering paragraph 21 of Plaintiff's Complaint, Defendant admits Plaintiff and Defendant signed the Agreement attached as Exhibit 1 to Plaintiff's Complaint, the terms and conditions of which speak for themselves. To the extent the allegations contained in paragraph 21 of Plaintiff's Complaint conflict with the terms and conditions of the Agreement, Defendant denies all such allegations.

22. Answering paragraph 22 of Plaintiff's Complaint, Defendant admits Plaintiff and Defendant signed the Agreement attached as Exhibit 1 to Plaintiff's Complaint, the terms and conditions of which speak for themselves. To the extent the allegations contained in paragraph 22 of Plaintiff's Complaint conflict with the terms and conditions of the Agreement, Defendant denies all such allegations.

23. The allegations in paragraph 23 of Plaintiff's Complaint constitute legal conclusion(s) to which no response is required. To the extent a response is deemed required, Defendant admits Plaintiff and Defendant signed the Agreement attached as Exhibit 1 to Plaintiff's Complaint, the terms and conditions of which speak for themselves. To the extent the allegations contained in paragraph 23 of Plaintiff's Complaint conflict with the terms and conditions of the Agreement, Defendant denies all such allegations.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendant admits Plaintiff and Defendant signed the Agreement attached as Exhibit 1 to Plaintiff's Complaint, the terms and conditions of which speak for themselves. To the extent the allegations contained in paragraph 24 of Plaintiff's Complaint conflict with the terms and conditions of the Agreement, Defendant denies all such allegations.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendant admits Plaintiff and Defendant signed the Agreement attached as Exhibit 1 to Plaintiff's Complaint, the terms and conditions of which speak for themselves. To the extent the allegations contained in paragraph

25 of Plaintiff's Complaint conflict with the terms and conditions of the Agreement, Defendant denies all such allegations.

26. The allegations in paragraph 26 of Plaintiff's Complaint constitute legal conclusion(s) to which no response is required. To the extent a response is deemed required, Defendant admits Plaintiff and Defendant signed the Agreement attached as Exhibit 1 to Plaintiff's Complaint, the terms and conditions of which speak for themselves. To the extent the allegations contained in paragraph 26 of Plaintiff's Complaint conflict with the terms and conditions of the Agreement, Defendant denies all such allegations.

27. The allegations in paragraph 27 of Plaintiff's Complaint constitute legal conclusion(s) to which no response is required. To the extent a response is deemed required, Defendant admits he primarily worked in Texas during the last two years of his employment with Plaintiff. Defendant further admits Plaintiff and Defendant signed the Agreement attached as Exhibit 1 to Plaintiff's Complaint, the terms and conditions of which speak for themselves. To the extent the allegations contained in paragraph 26 of Plaintiff's Complaint conflict with the terms and conditions of the Agreement, Defendant denies all such allegations.

28. Defendant admits the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant admits the allegations in paragraph 29 of Plaintiff's Complaint, but expressly denies Plaintiff's description of Mark Dunahoo, Ryan Clissa, Justin Jones, Mitchell Whitaker, and (unspecified) others as "Solicited Employees."

30. Defendant admits that, while employed by Defendant, he supervised the work of Dunahoo, Clissa, Jones, Whitaker, and other employees of Plaintiff. Defendant denies the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendant admits the allegations in paragraph 32 of Plaintiff's Complaint.

33. Answering paragraph 33 of Plaintiff's Complaint, Defendant admits he received a copy of the letter attached as Exhibit 2 to Plaintiff's Complaint via electronic mail on or about August 8, 2017. Defendant denies the remaining allegations in paragraph 33 of Plaintiff's Complaint, except to state that the letter referenced therein speaks for itself with respect to the form, substance, and content of the letter.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendant admits he received a copy of the letter attached as Exhibit 4 to Plaintiff's Complaint in or about September 2017. Defendant denies the remaining allegations in paragraph 36 of Plaintiff's Complaint, except to state that the letter referenced therein speaks for itself with respect to the form, substance, and content of the letter.

37. Answering paragraph 37 of Plaintiff's Complaint, Defendant admits he received a copy of the letter attached as Exhibit 4 to Plaintiff's Complaint in or about December 2017. Defendant denies the remaining allegations in paragraph 36 of Plaintiff's Complaint, except to state that the letter referenced therein speaks for itself with respect to the form, substance, and content of the letter.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Answering paragraph 39 of Plaintiff's Complaint, Defendant admits Justin Jones is an employee of ThinkHR. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Answering paragraph 41 of Plaintiff's Complaint, on information and belief, Defendant admits ThinkHR offered employment to Ryan Clissa in or about September 2018. On information and belief, Defendant further admits that Clissa accepted ThinkHR's offer of employment in or about September 2018. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of Plaintiff's Complaint.

42. The statements in Paragraph 42 of Plaintiff's Complaint make no allegations against Defendant and, therefore, require no response by Defendant. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant admits he communicated with Clissa by telephone in August 2018. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendant admits he communicated with Dunahoo by telephone in August 2018. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendant admits he communicated with Dunahoo by telephone in October 2018. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of Plaintiff's Complaint.

48. Answering paragraph 48 of Plaintiff's Complaint, Defendant admits Dunahoo became an employee of ThinkHR in or about October 2018. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of

Plaintiff's Complaint concerning the termination of Dunahoo's employment with Zywave. Defendant denies the remaining allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

50. Answering paragraph 50 of Plaintiff's Complaint, Defendant re-alleges and incorporates its answers to paragraphs 1 through 49 of Plaintiff's Complaint as set forth fully herein.

51. Answering paragraph 51 of Plaintiff's Complaint, Defendant admits that Plaintiff and Defendant signed the Agreement attached as Exhibit 1 to Plaintiff's Complaint. The remaining allegations in paragraph 51 of Plaintiff's Complaint constitute legal conclusion(s) to which no response is required; however, to the extent a response is deemed required, Defendant denies the remaining allegations in paragraph 51 of Plaintiff's Complaint, except to state that the Agreement speaks for itself with respect to the terms and conditions of the Agreement.

52. The allegations in paragraph 52 of Plaintiff's Complaint constitute legal conclusion(s) to which no response is required; however, to the extent a response is deemed required, Defendant denies the allegations in paragraph 52 of Plaintiff's Complaint, except to state that the Agreement speaks for itself with respect to the terms and conditions of the Agreement.

53. Defendant denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. No response is required to the unnumbered Prayer for Relief set forth in Plaintiff's Complaint. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any judgment, recovery, or relief in this lawsuit, including without limitation any injunctive relief against Defendant and/or recovery of any compensatory damages,

punitive damages, attorneys' fees, costs of court, and/or interest described in the unnumbered Prayer for Relief in Plaintiff's Complaint.

56. Plaintiff's jury demand requires no response from Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Subject to (and without waiver of) Defendant's Motion to Dismiss, based on the allegations in Plaintiff's Complaint and the information currently available to Defendant, Defendant alleges the following affirmative defenses:

### *First Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to perform all conditions precedent to the recovery its seeks in this lawsuit.

### *Second Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, by Plaintiff's by failure of consideration.

### *Third Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, because the contract made the basis of Plaintiff's claims, attached as Exhibit 1 to Plaintiff's Complaint, is illegal, void, and unenforceable, in whole or in part, under applicable law, including (without limitation) the Texas Citizens Participation Act.

### *Fourth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained. Plaintiff's recovery, if any, must be offset and reduced accordingly.

### *Fifth Affirmative Defense*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages (if any) were caused, in whole or in part, by the acts and/or omissions of Plaintiff.

***Sixth Affirmative Defense***

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged damages (if any) were caused, in whole or in part, by the acts and/or omissions of third parties over whom Defendant has and/or had no control.

***Seventh Affirmative Defense***

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

***Eighth Affirmative Defense***

Plaintiff's claim for exemplary damages is barred, in whole or in part, on the basis that Defendant did not engage in any action alleged in Plaintiff's Complaint with malice or reckless indifference to the rights of Plaintiff.

***Ninth Affirmative Defense***

Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (1) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (2) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (3) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

***Tenth Affirmative Defense***

Plaintiff's claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

***Eleventh Affirmative Defense***

Plaintiff's claim for injunctive relief is barred, in whole or in part, because Plaintiff has an adequate remedy at law.

***Twelfth Affirmative Defense***

Plaintiff's claim for injunctive relief is barred, in whole or in part, because Plaintiff cannot establish that Defendant's alleged conduct has resulted (or will result) in irreparable harm.

***Thirteenth Affirmative Defense***

Plaintiff's claim for injunctive relief is barred, in whole or in part, because Plaintiff cannot establish a probable right of recovery on its caus(es) of action.

***Fourteenth Affirmative Defense***

Plaintiff's claim for injunctive relief is barred, in whole or in part, insofar as the grant of such relief would violate Plaintiff's rights under the First Amendment to the United States Constitution.

***Fifteenth Affirmative Defense***

Plaintiff's claim for injunctive relief is barred, in whole or in part, insofar as the grant of such relief would violate Plaintiff's rights under the TCPA.

***Sixteenth Affirmative Defense***

Plaintiff's claim for injunctive relief is barred, in whole or in part, insofar as the grant of such relief would violate Plaintiff's rights under the Texas Citizens Participation Act.

Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

**RESERVATION OF RIGHTS**

By appearing and answering herein, Defendant does not waive, and expressly reserves, all rights and defenses that Defendant may have (or that may arise) under the Agreement and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendant may have (or that may arise) under the Agreement and/or applicable law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Justin Cates respectfully requests that this Court: (a) conduct a hearing on Defendant's Motion to Dismiss within the time period required by the TCPA; (b) stay discovery (including any pending initial disclosures) until the Court rules on this Motion; (c) dismiss Plaintiff's caus(es) of action with prejudice to refiling the claim(s); (d) award Defendant his reasonable attorney's fees, court costs and other expenses incurred in defending this case as mandated by the TCPA; and (e) grant Defendant all other relief to which his are entitled.

Subject to (and without waiver of) Defendant's Motion to Dismiss, Defendant prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendant may be justly entitled, whether at law or in equity.

Respectfully submitted,

**ZELLE LLP**

By: */s/ James W. Holbrook, III*
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Alexandra S. Fernandez
Texas Bar No. 24051786
afernandez@zelle.com
Bennett A. Moss
Texas Bar No. 24099137
bmoss@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on November 29, 2018 in accordance with the Federal Rules of Civil Procedure as follows:

Arthur Gollwitzer, III
agollwitzer@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
Telephone: 512-640-3161
Facsimile: 512-640-3170

*/s/ James W. Holbrook, III*
James W. Holbrook, III